# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-02093-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On March 20, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying his applications for childhood disability benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

**PROCEDURAL HISTORY**

Plaintiff was born on December 20, 1996.  (Administrative Record [AR] 41, 96.)  On July 16, 2015, Plaintiff protectively filed applications for childhood disability benefits (based on the earnings record of his father) and supplemental security income, alleging disability beginning on November 15, 2001.  (AR 18, 96, 120.)  Plaintiff alleged disability because of autism and learning disabilities.  (AR 96, 120.)  After his applications were denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 18, 157.)  At a hearing held on September 21, 2017, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff, two lay witnesses, and a vocational expert.  (AR 35-95.)

In a decision issued on January 16, 2018, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation.  (AR 18-25.)  Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of November 15, 2001.  (AR 20.)  He had a severe impairment consisting of autism spectrum disorder.  (*Id*.)  He did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments.  (AR 20-21.)  He had a residual functional capacity ("RFC") for work "at all exertional levels but with the following nonexertional limitations: occasional contact with supervisors, public, and coworkers." (AR 21.)  He had no past relevant work.  (AR 24.)  He could perform work existing in significant numbers in the national economy, in the occupations of hand packer, vegetable packer, and store laborer.  (AR 25.)  Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.  (*Id*.)

On February 15, 2019, the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  Thus, ALJ's decision became the final decision of the Commissioner.

**DISPUTED ISSUES**

The parties raise the following disputed issues:

1. Whether the ALJ improperly assessed and rejected the opinions of Plaintiff's treating, examining, and non-examining medical sources;

2. Whether the ALJ issued an incomplete residual functional capacity finding that is not supported by substantial evidence which resulted in invalid testimony from the vocational expert upon which to support the step five finding; and

3. Whether the ALJ improperly discredited the oral testimony of Plaintiff and the oral and written testimony of the third party witnesses.

(ECF No. 17, Parties' Joint Stipulation ["Joint Stip."] at 2-3.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

///

**DISCUSSION**

For the reasons discussed below, reversal and remand for further administrative proceedings are warranted for arguments raised in Issues One and Three, based on the ALJ's assessment of a non-examining physician's opinion and a lay witness's testimony. Thus, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**I.     Non-Examining Physician's Opinion (Issue One).**

In Issue One, one of Plaintiff's arguments is that the ALJ failed to consider the opinion of Dr. Kresser, a non-examining, state agency psychologist. (Joint Stip. at 12-13.)

**A.     Legal Standard.**

The Commissioner's regulations require that "[r]egardless of its source, we will evaluate every medical opinion we received." 20 C.F.R. §§ 404.1527(c) (2017), 416.927(c) (2017). ALJs "must consider" evidence from State agency medical or psychological consultants. 20 C.F.R. §§ 404.1513a, 416.913a. ALJs "are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to these opinions in their decisions." Social Security Ruling ("SSR") 96-6P, 1996 WL 374180, at *1. An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

4

### B. Analysis.

After reviewing Plaintiff's medical record, Dr. Kresser stated that Plaintiff would have moderate limitations in nine areas of mental functioning including, for example, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and the ability to respond appropriate to changes in the work setting. (AR 103-04, 114-15.) Dr. Kresser concluded that Plaintiff "[r]etains the ability to perform simple and 2 step operations in [a] low stress environment with minimal or superficial interaction with others." (AR 104, 115.)

The ALJ did not address Dr. Kresser's opinion, as required by SSR 96-6P. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009) (SSRs are binding on ALJs). Moreover, the error was not harmless because Dr. Kresser's opinion was more restrictive than the ALJ's RFC assessment, which did not adopt Dr. Kressler's limitations to simple and two-step operations in a low stress environment. *See Sawyer v. Astrue*, 303 F. App'x 453, 455 (9th Cir. 2008) (holding that an ALJ's failure to consider the opinions of state agency physicians was not harmless error where the ALJ's RFC assessment did not include their limitations, making the error directly relevant to the ultimate issue of the claimant's ability to perform work at the level the ALJ assessed). Accordingly, reversal is warranted on this basis.

## II. Lay Witness's Testimony (Issue Three).

In Issue Three, one of Plaintiff's claims is that the ALJ did not properly assess the oral and written witness testimony of Ms. Duerr, a lay witness. (Joint Stip. at 33-34.)

///
///
///

### A.	Legal Standard.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)) (internal quotation marks omitted). An ALJ is "required to consider and comment upon competent lay testimony, as it concerned how [a claimant's] impairments impact his ability to work." *Bruce*, 557 F.3d at 1115. An ALJ must "provide specific, germane reasons for discounting lay witness testimony". *See Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011).

However, an ALJ's failure to provide germane reasons to reject a lay witness's statement may be harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). An ALJ's failure to state any reasons to reject a lay witness's statement may be harmless error where the lay witness "does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *See id.* at 1117. Similarly, an ALJ's statement of reasons that are legally insufficient to reject a lay witness's statement may be harmless error if the lay witness's statement is similar to the claimant's testimony, which the ALJ properly discredited. *See, e.g., Sievers v. Berryhill*, 734 F. App'x 467, 470 (9th Cir. 2018); *Watkins v. Commissioner of Social Sec. Admin.*, 611 F. App'x 903, 904 (9th Cir. 2015).

### B.	Background.

Ms. Duerr was Plaintiff's case manager for a training and support program that Plaintiff attended called Facilitating Alternative to Day Environments. (AR 591.) Plaintiff qualified for the program because of his autism. (AR 556.)

///

Ms. Duerr submitted letters to the ALJ (AR 303-04, 317-18) and testified at the administrative hearing (AR 88-94). In pertinent part, she stated in her letters that Plaintiff would need two weeks "to unwind and rebalance" after "over-stimulation" at community college (AR 303); that bright lights and noise are "stressors" for him (AR 304); that he works half a day per week for an events company (AR 304) but took several days off because of back pain (AR 318); and that he tends to hover between tasks as a coping skill for his autism (AR 304, 317). At the hearing, she testified that Plaintiff could not work full time because the "amount of stimulus would be overwhelming" (AR 89); that even at a night job (with less stimulus), the light would be too stimulating (AR 91-92); and that he loses focus, requiring someone to redirect him for 10 to 15 minutes (AR 93).

### C. Analysis.

The ALJ stated that he gave "little weight" to Ms. Duerr's testimony because she "is not an acceptable medical source," "is not qualified to interpret how [Plaintiff's] medically determinable impairments would cause resulting impairments," and "is not qualified to comment on [Plaintiff's] response or adherence to treatment or whether appropriate treatment would have an ameliorative effect." (AR 23.)

A lay witness's status as a non-medical source is an improper ground to disqualify her from offering a statement about a claimant's ability to work. *See Bruce*, 557 F.3d at 1116 ("A lay person, . . . though not a vocational or medical expert, was not disqualified from rendering an opinion as to how [the claimant's] condition affects his ability to perform basic work activities."); *see also Haagenson v. Colvin*, 656 F. App'x 800, 802 (9th Cir. 2016) ("The only reason the ALJ offered for rejecting their [lay] opinions is that they are not 'acceptable medical sources' within the meaning of the federal regulation. However, the regulation already presumes that nurses and counselors are non-acceptable medical sources, yet still

requires the ALJ to consider them as 'other sources.'"). Thus, this was not a germane reason to reject the lay witness's testimony.

The failure to state a germane reason to reject the lay witness's testimony was not harmless error. *See Molina*, 674 F.3d at 1115. The ALJ's reasons for rejecting Plaintiff's testimony (assuming they were clear and convincing) would not have applied equally well to Ms. Duerr's testimony. *See id.* at 1117. Ms. Duerr's testimony was broader and more precise than Plaintiff's testimony. Unlike Plaintiff, Ms. Duerr testified about Plaintiff's sensitivity to light even at a night job (AR 91-92), his tendency to hover between tasks as a coping skill (AR 304, 317), and his need for someone to redirect him for 10 to 15 minutes after he loses focus (AR 93). The error in the assessment of Ms. Duerr's statement was not rendered harmless by the ALJ's findings on the whole. *See Burns v. Berryhill*, 731 F. App'x 609, 613 (9th Cir. 2018) (finding an ALJ's error in assessing lay testimony was not harmless where the lay witness attested to a number of limitations beyond those reported by the claimant himself); *see also Nowling v. Colvin*, 813 F.3d 1110, 1122 (8th Cir. 2016) (declining to find harmless an ALJ's failure to consider lay evidence where it "is neither redundant with [the claimant's] testimony, nor is it discredited by the same evidence that purportedly discredits [the claimant's] testimony"). Thus, reversal is warranted.

**III.   Remand for Further Administrative Proceedings.**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed,

///

is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (citation and internal quotation marks omitted).

Here, all essential factual issues have not been resolved. The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 27, 2020

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE